UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENICAN TERREBONNE PROPERTY, LLC | CIVIL ACTION |
| VERSUS | NO. 22-238 |
| TENNESSEE GAS PIPELINE COMPANY, LLC, ET AL. | SECTION "L" (3) |
| | JUDGE FALLON |
| | MAGISTRATE DOUGLAS |

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand, R. Doc. 11. Defendant Tennessee Gas Pipeline, LLC filed a memorandum in opposition, R. Doc. 15, and Plaintiff filed a reply, R. Doc. 28. Having considered the briefing and the applicable law, the Court now rules as follows.

I.     BACKGROUND

This case arises from damage to Plaintiff's property allegedly sustained due to Tennessee Gas Pipeline Company, LLC's ("TGP") and Gulf South Pipeline Company, LLC's ("Gulf South") breach of contract and improper maintenance of canals and pipelines. R. Doc 1-1 ¶ 9. Plaintiff Henican Terrebonne Property, LLC ("Plaintiff") owns a coastal wetland property in Terrebonne Parish that is subject to three right of way ("ROW") servitudes. *Id* at ¶¶ 9, 12-13. These servitudes were granted to Defendants to dredge canals and lay pipelines. *Id.* Plaintiffs allege that Defendants failed to properly maintain or negligently operated, inspected and maintained the canals. *Id.* at ¶ 29. Plaintiff contends Defendants' conduct has led to widening of the canals past the forty-feet maximum allowed in the ROWs, erosion, and changes to the hydrology of the marsh with severe ecological consequences. *Id.* at ¶¶ 30-32.

Plaintiff asserts a breach of contract claim regarding Defendants' contractual obligations related to right of use, as well as violations of right of use obligations set forth in the Louisiana Civil Code. *Id.* at ¶¶ 43, 53. Plaintiff asserts that Defendants breached their obligation under the Louisiana Civil Code to exercise their right of use in the manner that is least inconvenient and causes the least possible damage to the servient estate and that any doubt as to the manner of exercise of the servitude shall be resolved in favor of the servient estate. R. Doc. 1-1 at ¶¶ 50, 51; La. Civ. Code arts. 730, 743, 745. Further, Plaintiff alleges breach of the express terms and obligations of the ROW agreements and La. Civ. Code Art. 697 by failing to maintain the canals and their banks, install and maintain protective structures, prevent unauthorized persons from using the canals, protect the servient estate against damage from use of the servitude, prevent the canals from widening, maintain the pipelines at the proper depths, and restore the property. R. Doc. 1-1 at ¶ 52.

Plaintiff additionally alleges a claim in tort, arguing that Defendants knew or reasonably should have known their actions would cause damage to the property that could have been prevented. *Id.* at ¶ 64. Plaintiff alleges that Defendants owe a duty to Plaintiff to properly maintain, inspect and operate the canals and pipelines but have failed, and continue to fail, to do so. *Id.* at ¶¶ 65-66. Lastly, Plaintiff asserts that Defendant's acts and omissions in maintaining the canals and pipelines constitute ongoing misconduct in violation of the Louisiana Unfair Trade Practices Act ("LUTPA"). La. R. S. §§ 51:1401; 51:1409(A); R. Doc. 1-1 at ¶ 75.

Plaintiff seeks to recover compensatory damages, attorneys' fees and costs, injunctive relief in the form of abatement for land loss and erosion, restoration of property, burying of the pipeline to proper depths, and ongoing maintenance and repairs. R. Doc 1-1 at ¶ 76. Plaintiff

also seeks a judgment declaring that Defendants' obligations under the ROW agreements are ongoing and that Defendants have breached those obligations. *Id.*

This case was originally filed in the 32nd Judicial District for the Parish of Terrebonne and was removed by TGP on February 31, 2021, based on diversity jurisdiction. R. Doc 1 at 1, 3. Plaintiff is a limited liability company whose members are domiciled in Louisiana, California, North Carolina, Alabama, Virginia, Illinois, New York and Mississippi, and is a citizen of those states. *Id.* at ¶ ¶ 14-15. TGP is a citizen of Delaware and Texas. *Id.* at ¶ ¶ 16, 21. Gulf South is a citizen of every state and thus a citizen of the same states of which Plaintiff is a citizen, making Gulf South a non-diverse Defendant. *Id.* at ¶ 5; R. Doc. 16-1 at 3. However, TGP asserted that Plaintiff fraudulently misjoined Gulf South and therefore that complete diversity existed because Gulf South's citizenship should be disregarded. *Id.* at ¶ 24. This Court disagreed, holding that Gulf South had not been improperly joined, and granted Plaintiff's motion to remand this case back to state court. R. Doc. 1-3, at 86; *see also Henican Terrebonne Property, LLC v. Tenn. Gas Pipeline Co., LLC*, 2021 WL 3030547 (E.D. La. 7/19/2021).

Subsequently, TGP argued in state court that Plaintiff's actions against itself and Gulf South had been improperly culminated. R. Doc. 1-1. The court held that the actions were in fact improperly culminated and severed the claims for the purpose of trial. *Id.* As a result, TGP filed a second Notice of Removal to federal court. Plaintiff now moves this Court to remand this case to back to state court a second time.

II.     **PRESENT MOTION**

Plaintiff argues that this matter should be remanded because, inter alia, this Court correctly found the first time under federal jurisdictional analysis that Plaintiff's claims against

TGP and Gulf South were not improperly joined, and there is no basis to change that outcome now, making removal improper under the voluntary-involuntary rule. R. Doc. 11-1 at 2. TGP responds in opposition, inter alia, that the voluntary-involuntary rule is inapplicable because Plaintiff's actions against TGP and Gulf South were improperly joined. R. Doc. 15 at 4.

### III.   DISCUSSION

The "voluntary-involuntary rule" provides that an action that is nonremovable when commenced "may become removable thereafter only by the voluntary act of the plaintiff"; *i.e.,* that an action that is initially nonremovable due to the presence of a non-diverse defendant cannot thereafter become removable due to the state court's involuntary dismissal of claims against that non-diverse defendant. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). The Fifth Circuit recognizes an exception to the voluntary-involuntary rule that allows removal of initially nonremovable actions when the involuntary dismissal of a non-diverse defendant is due to improper joinder. *Crockett*, 436 F.3d at 532-33. However, in this case, this Court conclusively held in the first remand order that this action was initially nonremovable as a result of its holding that Gulf South had not been improperly joined. R. Doc. 27. Accordingly, this Court is bound by the Rule of the Case to hold that the voluntary-involuntary rule applies here, rendering removal unavailable to TGP.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand this matter to the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana is **GRANTED**.

New Orleans, Louisiana, this 19th day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE